UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JAMES H. BRADY,

                            Plaintiff,                19 Civ. 10142 (PAE) (OTW)

       -v-

IGS REALTY CO. LP, et al.,

                            Defendants.

------------------------------------------------------------------------X

JAMES H. BRADY,

                            Plaintiff,                19 Civ. 10622 (PAE) (OTW)

       -v-                                                   **ORDER**

MARK S. FRIEDLANDER, ESQ., et al.,

                            Defendants.

------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      On July 20, 2020, the Honorable Ona T. Wang, Magistrate Judge, issued a Report and Recommendation recommending that the Court dismiss, with prejudice, of each of these related cases, and that the Court permanently enjoin *pro se* plaintiff James H. Brady from filing any further complaints regarding commercial lease agreements with the IGS Realty defendants and "the collateral issues surrounding those lease agreements, defined broadly." *See* 19 Civ. 10622, Dkt. 50 (the "Report") at 2. Citing Federal Rule of Civil Procedure 72(b), the Report provided 14 days for the parties to file any objections, and 14 days thereafter to respond to objections. *Id.* at 30–31.

On July 21, 2020, *pro se* plaintiff James H. Brady filed letters on the dockets of these related cases, stating that "[t]his Court needs to intervene and require that Magistrate Judge Ona T. Wang issue two completely separate Reports and Recommendations." *See* 19 Civ. 10142, Dkt. 32 at 1.  Brady argues, *inter alia*, that "[c]ombining two completely different cases into one Report and Recommendation is unlawful, unconstitutional and unheard of." *Id.*  Brady suggests that "no example of this conduct has ever been performed before," and asks "why I was singled out for this unlawful and unconstitutional conduct by Judge Wang?" *Id.* at 2.

Where cases have been accepted as related, it is standard practice to issue a single Report and Recommendation.  Indeed, the Court regularly issues a single *decision* resolving dispositive motions and/or motions for injunctive relief in related cases, class actions, and multi-district litigations.  *See, e.g.*, *New York v. U.S. Dep't of Health and Human Servs.*, 414 F. Supp. 3d 475 (S.D.N.Y. 2019) (granting summary judgment in three related cases); *Airbnb, Inc. v. City of New York*, 373 F. Supp. 3d 467 (S.D.N.Y. 2019) (granting a preliminary injunction in two related cases); *In re Aluminum Warehousing Antitrust Litig.*, Nos. 13 MD 2481 (PAE), 15 Civ. 8307 (PAE), 16 Civ. 5955 (PAE), 2020 WL 2036716 (S.D.N.Y. Apr. 28, 2020) (denying motions to dismiss in separate cases in a multidistrict litigation).  The Court intends to treat all parties to this litigation with the same dignity and impartiality as it has in its myriad prior cases where a single Report and Recommendation or decision covered multiple dockets.

Accordingly, the Court denies Brady's request for judicial intervention.  Although the Court will not assess the merits of Judge Wang's Report until the objections and responses thereto are fully submitted, the Court notes that the Report appears to address the two related cases in entirely separate sections.  *Compare* Report at 6–19 (addressing solely the *IGS Realty* docket), *with id.* at 19–26 (addressing solely the *Friedlander* docket).  The parties should thus

easily be able to separate their objections to one related case from their objections to the other. The deadlines for objections and responses set in the Report and Judge Wang's related order to show cause remain in place. Aside from these filings, the Court does not invite, and will not respond to, further commentary on the Report.

    SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 21, 2020
       New York, New York