UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. BRADY,<br><br>         Plaintiff,<br>    -v-<br><br>IGS REALTY CO. L.P. and PHILIPPE IFRAH,<br><br>         Defendants. | 19 Civ. 10142 (PAE) |
| JAMES H. BRADY,<br><br>         Plaintiff,<br>    -v-<br><br>MARK S. FRIEDLANDER, ESQ., *et al.*,<br><br>         Defendants. | 19 Civ. 10622 (PAE)<br><br>OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

  On September 8, 2020, the Court issued an amended opinion and order adopting the Report and Recommendation of the Honorable Judge Ona T. Wang, U.S. Magistrate Judge and dismissing *pro se* plaintiff James H. Brady's claims in two related actions, each arising from earlier state-court litigation involving the defendants in those actions. *See Brady v. IGS Realty*, No. 19 Civ. 10142 ("*IGS Realty II*"), Dkt. 51 ("September 8 Opinion"); *Brady v. Friedlander*, No. 19 Civ. 10622 ("*Friedlander II*"), Dkt. 73. That opinion concluded that most of Brady's claims were barred by the *Rooker-Feldman* doctrine, collateral estoppel, and *res judicata*, and that any remaining claims were both untimely and, independently, failed to state a claim upon which relief could be granted. September 8 Opinion at 9, 19, 21–24. Before the Court now are Brady's motions for reconsideration. For the reasons that follow, the Court denies both motions.

I.     Background

The facts and procedural history are set out fully in the Court's September 8 Opinion and Judge Wang's thorough Report and Recommendation. *See id.* at 2–5; *IGS Realty II*, Dkt. 30 ("Report") at 2–5. In brief, according to his Complaint, Brady was the guarantor on three corporate leases in a building at 336 West 37th Street in New York City, which was owned by defendants IGS Realty L.P. ("IGS Realty") and Philippe Ifrah (collectively, the "IGS Defendants"). *IGS Realty II*, Compl. ¶¶ 6–7. In 2009, IGS Realty filed several actions in New York State court alleging that three corporate tenants owned by Brady had failed to make lease payments on the units at 336 West 37th Street, and commenced a separate breach-of-contract action ("*IGS Realty I*") against Brady, as guarantor of those leases, seeking payment of the rents owed. *See generally IGS Realty Co., L.P. v. Brady* ("*IGS Realty I*"), Index No. 603561/2009 (N.Y. Sup. Ct. filed Dec. 2, 2019). The latter action—based entirely on Brady's breach of contract as to his personal guarantees—concluded on June 26, 2015, with a unanimous jury verdict against Brady after a trial over which Justice Barry Ostrager presided. *IGS Realty* II, Dkt. 5-6 at 437–48. That verdict was sustained on appeal. *IGS Realty Co., L.P. v. Brady*, 149 A.D.3d 524, 524–25 (1st Dep't 2017) (rejecting, *inter alia*, Brady's "challenges regarding the jury charges and the verdict sheet"), *leave to appeal denied*, 31 N.Y.3d 1036 (2018).

In 2012, while the *IGS Realty I* action was pending, Brady filed a separate action against defendant Mark S. Friedlander, Esq. ("*Friedlander I*"), who in 2009 had briefly represented Brady in a separate dispute with IGS Realty. *See Brady v. Friedlander* ("*Friedlander I*"), Index No. 156825/2012 (N.Y. Sup. Ct. filed Sept. 30, 2012). That suit alleged, *inter alia*, breach of contract, unreasonable legal fees, misrepresentation, and legal malpractice. *Id.*, Dkt. 33-4. Defendant Winget, Spadafora, Schwartz LLP ("Winget Spadafora") represented Friedlander in that action. In 2013, Justice Eileen A. Rakower dismissed most, but not all, of Brady's claims in

that action. *Id.*, Dkt. 33-5 ("Rakower Order"). In 2018, Friedlander moved for summary judgment on Brady's remaining breach-of-contract and unreasonable-fee claims, but Justice Carmen Victoria St. George, who had been reassigned to the case, denied that motion. *Id.*, Dkt. 33-7 ("St. George Order"). However, on July 11, 2019, following additional discovery and further briefing, Justice Alan C. Marin, after yet another reassignment, granted summary judgment to the defendants and entered an order dismissing Brady's remaining claims, citing the reasons given in a brief ruling to that effect from the bench. *Id.*, Dkt. 33-6 ("Marin Order"). Brady did not appeal that dismissal.

In fall 2019, Brady commenced the instant actions in this Court. The first, *IGS Realty II*, brought claims challenging the judgment in *IGS Realty I*, arguing that (1) the state-court decision there failed to properly adjudicate the validity of the personal guarantees at the center of that litigation; and (2) the various participants in that litigation, including Justice Ostrager and the IGS Defendants, had engaged in a conspiracy against Brady. *See* September 8 Opinion at 9. The second, *Friedlander II*, brought claims against those involved in *Friedlander I*, seeking the Court's review of the issues dismissed by Justice Marin in July 2019 and also alleging that the defendants participated in a conspiracy with Justice Marin in *Friedlander I*. *Id.* at 19.

On July 20, 2020, Judge Wang issued the Report recommending that the Court dismiss all Brady's claims in each case. On September 8, 2020, the Court issued its decision doing so. As to the instant motions, on September 22, 2020, Brady filed one motion for reconsideration as to the claims dismissed in *Friedlander II*, *see Friedlander II*, Dkt. 76 ("*Friedlander II* Mem."), and on September 24, 2020, filed another motion for reconsideration as to the claims dismissed in *IGS Realty II*, *see IGS Realty II*, Dkt. 54 ("*IGS Realty II* Mem."). The defendants have each responded to those motions. *See id.*, Dkt. 58; *Friedlander II*, Dkts. 79, 81.

3

## II.    Legal Standard

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Local Rule 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

## III.    Discussion

### A.    *IGS Realty II*

In support of his motion for reconsideration as to *IGS Realty II*, Brady identifies 19 purported errors in the Court's September 8 Opinion. The vast majority of these "errors" relate to the same proposition: that the validity of the personal guarantees in *IGS Realty I* was not decided against Brady because the jury verdict form did not require findings on each of Brady's defenses. *See IGS Realty II* Mem. at 2–5, 8–15. Therefore, Brady seems to suggest, *Rooker-Feldman*, *res judicata*, and collateral estoppel cannot bar his claims here because he seeks only to litigate issues

4

the jury did not consider in that first action. Brady also argues that a separate jury instruction given at his trial was improper, *id.* at 5–7 (Error Number seven), that defendants had admitted the Brady's personal guarantees were void, *id.* at 8 (Error Number eight), that the First Department did not hold that Brady's personal guarantees were enforceable, *id.* at 15–16 (Error Number 17), that the Court improperly denied Brady's request for declaratory relief, *id.* at 16–18 (Error Number 18), and that the Court erred in denying Brady leave to replead, *id.* at 18–19 (Error Number 19).

As to Brady's arguments based upon the jury verdict form in *IGS Realty I*, the Court finds no basis on which to reconsider its dismissal of Brady's claims. Construed liberally, this argument seems to suggest that the New York State Supreme Court either did not properly instruct the jury in *IGS Realty I*, or that the jury did not in fact address the defenses Brady presented at his trial. In either case, that does not alter the *Rooker-Feldman* analysis. Under that doctrine, district courts lack jurisdiction to entertain a suit that is "in fact a collateral attack on a final state court judgment." *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 202 F. Supp. 2d 126, 133 (S.D.N.Y. 2002); *see Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). If anything, Brady's instant motion makes clearer than ever that the relief he seeks from this Court is review and reversal of the state-court judgment against him in *IGS Realty I*. *See IGS Realty II* Mem. at 14 ("Brady's argument was that the issue of the Personal Guarantees and Brady's defenses were not on the three question jury sheets at all and that Brady was unlawfully and unconstitutionally forced to pay over $1.7 million dollar to IGS Realty based on nothing more than a jury finding that Plaintiff's corporations were operating as Banquet halls and not meeting halls."). That is precisely what *Rooker-Feldman* forbids. Accordingly, Brady's claims regarding the propriety of the state-court judgment relating to his personal guarantees were properly dismissed, notwithstanding the content of the verdict form in that case.

None of Brady's other arguments present more persuasive grounds for reconsidering the Court's holding as to the merits of *IGS Realty II*. Some present similar challenges to aspects of the *IGS Realty I* trial, and are rejected for the reasons given above. *See id.* at 5–7 ("Brady says he was forced to pay over $1.7 million dollars to IGS Realty based on nothing more than this false law shown below that the judge gave the Jury."). Some are irrelevant. *See, e.g.*, 15–16 (discussing issues relating to Brady's appeal of the verdict in *IGS Realty I*, which did not form basis for any of the Court's holdings). Others are simply reprisals of the arguments the Court previously rejected. *Compare, e.g., id.* at 16–18 (arguing that courts "always have the right and duty" to issue declaratory relief), *with* September 8 Opinion at 18–19 (explaining the limited nature of the Declaratory Judgment Act). Motions for reconsideration are not "an occasion for repeating old arguments previously rejected." *Associated Press*, 395 F. Supp. 2d at 19. Accordingly, the Court denies Brady's motion to reconsider its dismissal of his claims in *IGS Realty II*.

Nor does Brady present any grounds for reconsidering the Court's decision to deny his request for leave to replead. He does not point to any "controlling decisions or data" that the Court overlooked in its September 8 Opinion on this point, *Analytical Surveys*, 684 F.3d at 52, and so, for the reasons given there, this request is also denied.

B.   *Friedlander II*

Arguing for reconsideration of the Court's dismissal of his claims in *Friedlander II*, Brady takes a somewhat narrower approach. He makes only one argument: that Justice Marin's decision dismissing his claims in *Friedlander I* did not adequately resolve that action and that the Court should therefore "take over the State Court case against Friedlander that started in 2012, and abruptly ended on July 11, 2019." *Friedlander II* Mem. at 6; *see also id.* at 7 ("[A]ll Plaintiff was seeking and is still seeking is the continuation of the *James H. Brady v. Mark Friedlander* case that started in 2012 . . . ."). In so arguing, Brady reprises the exact same

6

arguments already rejected in the Court's September 8 Opinion: that Justice Marin's grant of summary judgment to defendants in *Friedlander I* did not adjudicate certain claims on the merits, and that Brady is therefore entitled to this Court's review both of those claims and of what Brady characterizes as the state court's "unconstitutional" decision rejecting them. *See id.* at 4, 6–7; September 8 Opinion at 22 (explaining that engaging in such analysis "would itself require this Court to review the state-court decision below"). For reasons that Brady's instant motion crystallizes rather than rebuts, "tak[ing] over the State Court case against Friedlander," which Brady lost when it "ended on July 11, 2019," is impermissible. *Friedlander II* Mem. at 6; *see also id.* at 2 ("The case of *James H. Brady v. Mark Friedlander* has been an eight-year long battle that started [in] state court . . . ."); *id.* at 6 ("The Court is correct that the causes of action are 'essentially identical' to the claims in [*Friedlander I*] since all Plaintiff was seeking was supplemental jurisdiction to take over the State Court case against Friedlander"). Accordingly, Brady's motion for reconsideration of the Court's September 8 Opinion as to *Friedlander II* is also denied.

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the motions pending at docket 57 in 19 Civ. 10142 and docket 78 in 19 Civ. 10622. These cases remain closed.

The Clerk of Court is further directed to mail a copy of this order to Brady.

SO ORDERED.

                                                  *Paul A. Engelmayer*
                                                  PAUL A. ENGELMAYER
                                                  United States District Judge

Dated: October 8, 2020
       New York, New York