UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. BRADY,<br><br>                              Plaintiff,<br>           -v-<br><br>IGS REALTY CO. L.P. and PHILIPPE IFRAH,<br><br>                              Defendants. | 19 Civ. 10142 (PAE) |
| JAMES H. BRADY,<br><br>                              Plaintiff,<br>           -v-<br><br>MARK S. FRIEDLANDER, ESQ., *et al.*,<br><br>                              Defendants. | 19 Civ. 10622 (PAE)<br><br>OPINION &<br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On September 8, 2020, the Court dismissed *pro se* plaintiff James H. Brady's claims in the above-captioned actions. *See* No. 19 Civ. 10142, Dkt. 51 ("September 8 Opinion"). On October 8, 2020, the Court denied his motion for reconsideration of that decision. *Id.*, Dkt. 63 ("October 8 Opinion"). Before the Court now is the September 11, 2020 Report and Recommendation of the Honorable Ona T. Wang, United States Magistrate Judge, regarding the imposition of a filing injunction on Brady. *Id.*, Dkt. 53 ("Report"). The Report recommends enjoining Brady from commencing any new action in this District "that in any way relates to the IGS Lease Agreements, the Personal Guarantees associated therewith, and Brady's businesses' occupation of space in IGS-owned buildings, including any actions concerning the conduct of any attorney, judicial officer, government official, or other third party in relation to the IGS

Lease Agreements, or any collateral actions" arising therefrom.  Report at 6.  The Court has received Brady's objections to the Report, and defendants' responses thereto.  For the following reasons, the Court overrules Brady's objections and adopts the Report's recommendation.

I.      **Background**

The factual history of these cases has been set out in detail in various decisions and reports. *See, e.g.*, October 8 Opinion; Report; September 8 Opinion; No. 19 Civ. 10142, Dkt. 30 ("July 20 Report").  The Court assumes familiarity with this background, incorporates by reference the accounts supplied in these decisions, and sets out here only the limited facts necessary to assess the pending Report.

The instant actions arise from events that have been the subject of lawsuits since at least 2009, when defendants IGS Realty L.P. and Philippe Ifrah (the "IGS Defendants") sued Brady for his failure to make payments under personal guarantees (the "Personal Guarantees") that he had signed relating to three commercial leases at 336 West 37th Street in New York City (the "IGS Lease Agreements").  *See Brady v. IGS Realty Co. L.P.*, No. 19 Civ. 10142 ("*IGS Realty II*"), Dkt. 1 ("Compl.") ¶¶ 6–7; *IGS Realty Co., L.P. v. Brady* ("*IGS Realty I*"), Index No. 603561/2009 (N.Y. Sup. Ct. filed Dec. 2, 2009).  In 2012, Brady sued defendant Mark S. Friedlander, Esq., regarding his representation of Brady in several disputes with the IGS Defendants, including *IGS Realty I*.  *See Brady v. Friedlander*, No. 19 Civ. 10622 ("*Friedlander II*"), Dkt. 1 ("Compl.") ¶¶ 8, 12; *Brady v. Friedlander* ("*Friedlander I*"), Index No. 156825/2012 (N.Y. Sup. Ct. filed Sept. 30, 2012).

Brady lost each of those actions.  In June 2015, after a trial presided over by New York State Supreme Court Justice Barry R. Ostrager, a unanimous jury found Brady in breach of the Personal Guarantees of the IGS Lease Agreements and rejected Brady's defenses and counterclaims.  *See* September 8 Opinion at 3.  In July 2019, New York State Supreme Court

Justice Alan C. Marin granted the defendants in *Friedlander I* summary judgment on all remaining claims and dismissed that action. *Id.* at 4.

Since those lawsuits arose, Brady has launched a series of actions, in this Court and in state court, arising from these events and collaterally attacking aspects of the state court proceedings. *See* July 20 Report at 2–5, 27–28, 32 (collecting instances of Brady's litigation of these and other issues). Most recently (as far as the Court is aware), Brady sued the IGS Defendants' lawyer in *IGS Realty II* concerning his role in the events complained of in that case. *See Brady v. Sheindlin*, No. 20 Civ. 7047, Dkts. 1, 6 (S.D.N.Y. filed Aug. 30, 2020).

Accordingly, on July 20, 2020, after issuing a report recommending the dismissal of Brady's claims in both instant actions, Judge Wang also issued an order to show cause directing Brady to explain why she should not further recommend that Brady be enjoined from commencing additional litigation concerning these issues. *See IGS Realty II*, Dkt. 31. On August 17, 2020, Brady responded, arguing that no such recommendation was warranted. *See id.*, Dkt. 40.[1] On September 11, 2020, Judge Wang issued a second report recommending the imposition of such injunction. *See* Report. Brady has since filed objections to that Report, *see IGS Realty II*, Dkt. 59 ("Objections"); *Friedlander II*, Dkt. 80, and the defendants in each case have responded, *see IGS Realty II*, Dkt. 64 ("IGS Resp."); *Friedlander II*, Dkt. 84 ("Friedlander Resp.").

---

[1] Initially, this Court—incorrectly understanding the July 22 Report to have recommended the imposition of a filing objection outright—issued a decision adopting that recommendation and issuing a filing injunction. Upon Brady's prompt notice of the error, the Court vacated that decision and withheld deciding whether to issue a filing injunction until now. *See IGS Realty II*, Dkt. 50.

3

## II.     Legal Standard

### A.     Report and Recommendation

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues de novo. *See id.*; *see also* Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). But when the objections simply reiterate previous arguments or make only conclusory statements, the court should review the Report for clear error. *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see also Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases). This is so even in the case of a *pro se* plaintiff. *Cf. Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

### B.     Filing Injunction

The issuance of an injunction barring a plaintiff from filing suit is "a serious matter, for access to the courts is one of the cherished freedoms of our system of government." *Raffe v. Doe*, 619 F. Supp. 891, 898 (S.D.N.Y. 1985) (citation omitted). But in exceptional circumstances, a court may, in its discretion, enjoin a litigant from "further vexatious litigation." *Safir v. U.S. Lines*, 792 F.2d 19, 23–24 (2d Cir. 1986) (collecting cases); *see also* 28 U.S.C. § 1651.

To determine whether such exceptional circumstances exist, courts in the Second Circuit consider the following five factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24.

### III. Discussion

In his most recent objections, Brady does not dispute the Report's assessment of the *Safir* factors, and instead focuses on the merits of his underlying claims in light of two motions for reconsideration he recently filed, which the Court rejected. *See* Objections at 1–2; October 8 Opinion. However, Brady did make specific objections to a similar assessment of those factors in Judge Wang's July 20 Report when he responded to the July 20 order to show cause. *See IGS Realty II*, Dkt. 40. Construing those objections as applying to the pending Report, and therefore reviewing its recommendation *de novo*, the Court finds that the *Safir* factors overwhelmingly favor the imposition of a filing injunction and adopts the Report's recommendation.

The first factor weighs heavily so. Brady is already subject to one filing injunction in this District, imposed by Judge Daniels in 2017 for conduct similar to that here. *See* Report at 2–3. Judge Daniels's decision focused on Brady's having filed a series of collateral attacks on adverse state-court decisions in which he, as here, "impugn[ed] the motivations and integrity of all the actors involved." *See Brady v. Goldman*, No. 16 Civ. 2287 (GBD) (SN), 2017 WL 496083, at *2 (S.D.N.Y. Feb. 3, 2017) (citation omitted), *aff'd*, 714 F. App'x 63 (2d Cir. 2018). More recently, in 2019, Brady separately sued Justice Ostrager in this District, challenging his conduct in, and the outcome of, *IGS Realty I*. *See Brady v. Ostrager*, No. 19 Civ. 7122 (LGS), Dkt. 6

5

(S.D.N.Y. Aug. 20, 2019). Judge Schofield dismissed that action as barred by both judicial immunity and the *Rooker-Feldman* doctrine, and noted that "[Brady] is warned that further vexatious or frivolous litigation in this Court will result in an order barring [Brady] from filing any new action in this Court without prior permission." *Id.* at 5.

Perhaps most troubling, in August 2020—after Judge Wang recommended the dismissal of Brady's claims without leave to replead, and after she ordered Brady to show cause why she should not recommend the imposition of a filing injunction—Brady filed yet *another* action concerning the IGS Lease Agreements. *See Sheindlin*, No. 20 Civ. 7047, Dkt. 1 (S.D.N.Y. filed Aug. 30, 2020); *see also id.*, Dkt. 6 ("*Sheindlin* SAC"). This time, he sued the attorney who had represented the IGS Defendants in *IGS Realty II*, Gregory Sheindlin. *Sheindlin* SAC. The claims in that action concern the same state-court adjudication of the validity of the IGS Lease Agreements and Brady's related Personal Guarantees as did *IGS Realty II*, albeit under the guise of different causes of action and legal theories, and against a different, but related, defendant. *See id.* ¶¶ 13–15, 40–63. Brady now highlights that this new case did not involve claims against judicial officers, *see IGS Realty II*, Dkt. 61, but that does not change the fact that he has continued to file vexatious, harassing litigation against the parties to these actions. It also confirms a disturbing trend in which Brady drags parties into court whose only apparent wrong had been to represent his adversaries in litigation. *See* Report at 6 (noting that defendant Winget, Spadafora, Schwartz, LLP represented Friedlander in earlier cases of which Brady complains).

Beyond the specific parties and events in the instant actions, Brady also has been sanctioned in New York State court for "dragg[ing] more than twenty parties into court to litigate matters that have already been determined and claims that lack any substance." *Brady v. 450 W. 31st St. Owners Corp.*, Index No. 157779/2013, Dkt. 174 at 22 (N.Y. Sup. Ct. July 15, 2014).

In imposing those sanctions, Justice Shirley W. Kornreich found that Brady's actions were "a near perfect example of frivolous conduct." *Id.* at 23.  Brady has also been barred by the New York courts from "initiating any further litigation as party plaintiff without prior approval of the Administrative Judge of the court in which he seeks to bring a further motion or commence an action." *Goldman*, 2017 WL 496083, at *1 n.2.  The instant actions, and those Brady has continued to file in this District, therefore represent the latest chapters in a long line of vexatious, harassing, and duplicative lawsuits.

Second, while Brady asserts a subjective belief that he is entitled to relief, *see IGS Realty II*, Dkt. 40 at 9–10, this factor requires an *objective* assessment of the plaintiff's legitimate expectations of prevailing.  *Safir*, 792 F.2d at 24.  As the Court has previously cataloged, Brady has, during the last several years, filed scores of meritless actions in state and federal court.  *See* Report at 4–5; July 20 Report at 32 (listing seven cases in this District since 2015); *id.* at 3 (identifying other state-court actions).  These actions all appear to have been unsuccessful; many have been dismissed as frivolous.  Brady "has amply demonstrated that neither the lack of success of his actions nor the warnings of the district court will cause him to cease his abuse of the judicial process." *Malley v. N.Y.C. Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997).  His "abuse of the judicial process, despite his subjective conviction that he has suffered an unremedied injury, cannot be countenanced." *Safir*, 792 F.2d at 25.

Third, although Brady is now proceeding *pro se*, this is likely "in no small part because a lawyer would likely be subject to discipline for bringing such frivolous litigation." *Brady v. Goldman*, No. 16 Civ. 2287 (GBD) (SN), 2016 WL 8201788, at *10 (S.D.N.Y. Dec. 5, 2016), *report and recommendation adopted*, 2017 WL 111749, at *1 (S.D.N.Y. Jan. 10, 2017).  This factor therefore does not disfavor a filing injunction.

7

Fourth, Brady's litigation has strained the resources of the federal and New York state judiciaries, and imposed needless expense on all parties involved. *Id.* at *9 (collecting state and federal cases); Report at 5–6; July 20 Report at 32 (collecting federal cases). The sheer volume of the lawsuits Brady has pursued has drawn upon the resources of the courts, parties, and lawyers who have been compelled repeatedly, since 2009, to relitigate the issues involving Brady's dealings with IGS Realty—including in the context of duplicative reconsideration motions and appeals up to the Supreme Court. *See* Report at 5–6; *see, e.g.*, *IGS Realty II*, Dkt. 54.

Moreover, throughout this action in particular, Brady has submitted accusatory, demanding, and hostile filings—sometimes in violation of the Court's rules. *See* Report at 2–3. These filings have impugned the good faith, fairness, and professionalism of all involved, and required additional and unnecessary attention by the Court and parties in response. *See, e.g.*, *IGS Realty II*, Dkt. 28 (describing the Report as "abusive"); *id.*, Dkt. 38 at 41 (accusing Judge Wang of being "as dishonest as the defendants"); *id.*, Dkt. 45 (accusing Court of "aiding and abetting [a] felony"). The Court appreciates Brady's recent apology for these submissions, *see id.*, Dkt. 55 at 2, but is unpersuaded that, in future actions, Brady would refrain from subjecting other judges and parties to similar harassment.

Finally, as Judge Daniels recognized, there is "strong evidence that other sanctions, including monetary penalties, would not be sufficient to deter further litigation from Brady, who has been sanctioned twice by New York state courts, including an imposition of more than $400,000 of attorneys' fees sanctions." *Goldman*, 2017 WL 496083, at *2 (citation omitted). Even after Judge Wang ordered Brady to show cause why a filing injunction should not be imposed here, Brady filed another action against counsel in *IGS Realty II* attempting to relitigate the same issues the courts have rejected on multiple occasions. *See Sheindlin*, No. 20 Civ. 7047.

8

Accordingly, this Court regretfully agrees with Judge Daniels and the New York State courts that an injunction is the only remedy sufficient to deter Brady's continued vexatious litigation.

Nothing in Brady's objections is to the contrary. Opposing the Report's recommendation, Brady relies exclusively on the argument that his motions to reconsider the Court's dismissal of his claims show that he "is not pursuing meritless claims, [on] which he has no good faith in prevailing." Objections at 2. However, the Court recently denied those motions, and Brady's claims remain dismissed. *See* October 8 Opinion.

Considering the above factors together, and fully mindful of the gravity of imposing a filing injunction, the Court concludes that one is warranted here.

## CONCLUSION

James H. Brady is hereby enjoined from filing any new action in the Southern District of New York that relates in any way to the IGS Lease Agreements, the Personal Guarantees associated therewith, or Brady's businesses' occupation of space in IGS-owned buildings, including any actions concerning the conduct of any attorney, judicial officer, government official, or other third party in relation to the IGS Lease Agreements, or any collateral actions arising from those agreements. This injunction does not bar Brady from appealing any decision in this case. However, it should be broadly construed to bar the filing, without leave of this Court, of *any* case against *any* defendant that has as a factual predicate the validity or invalidity of the IGS Lease Agreements, Personal Guarantees, other agreements with IGS Realty, or any legal actions that have arisen from those transactions.[2]

---

[2] The Court, however, rejects defendants' invitation to prohibit Brady from bringing any action whatsoever in this District without first seeking and obtaining leave of court. *See* Friedlander Resp. at 2 ("[T]he time has come to impose a more robust injunction against Plaintiff and bar him from filing *any* action in this Court without prior leave." (emphasis in original)). Brady's continued abuse of the judicial process could well make such an extreme sanction appropriate at

The Clerk of Court is respectfully directed to mail a copy of this opinion to Brady. These cases remain closed.

SO ORDERED.

                                              *Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 13, 2020
       New York, New York

---

a later date. But, for now, such relief would go too far, and relief limited to the subject matter of the instant disputes is more aptly tailored. Nor can the Court *sua sponte* dismiss Brady's most recent action against Sheindlin, as the IGS Defendants request. *See* IGS Resp. at 2–3. Given that the instant injunction did not issue until after Brady commenced that action, the filing of 20 Civ. 7047 filing was not barred by this decision. And that case is pending before a different Judge, in whose capable hands and sound discretion such decisions remain vested.