UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES H. BRADY,

                                        Plaintiff,

                -v-                                              19 Civ. 10142 (PAE)

IGS REALTY CO. L.P. and PHILIPPE IFRAH,                          ORDER

                                        Defendants.

PAUL A. ENGELMAYER, District Judge:

        The Court has received a letter from *pro se* plaintiff James H. Brady identifying

purported errors in the Court's September 8, 2020 decision dismissing Brady's claims in the

above-captioned case, and in the Court's October 8, 2020 denial of reconsideration of that

decision. *See* Dkt. 78. Brady requests that the Court "acknowledge the errors" in those

decisions "and fix them right now," in light of evidence that Brady contends contradicts the

reasoning of those decisions. *Id.* at 5. That request is, again, denied.

        First, the Court lacks jurisdiction to modify any aspect of its prior rulings, as both are

currently subjects of a pending appeal that Brady has filed in the Second Circuit. *See Griggs v.

Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is

an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests

the district court of its control over those aspects of the case involved in the appeal."); Dkts. 62, 67.

Brady's appeal involves the same issues that are raised by his recent letter. Accordingly, "[t]here

is no warrant for the Court to decide issues that are now under the Court of Appeals's exclusive

purview." *Penn v. New York State*, No. 18 Civ. 6194 (LGS), 2019 WL 8512493, at *1

(S.D.N.Y. Mar. 7, 2019).

Second, Brady's request is meritless. *See* Fed. R. Civ. P. 62.1(a)(2) (court may deny a motion "that the court lacks authority to grant because of an appeal that has been docketed and is pending"). Brady argues, as he previously did, that a 2015 state-court jury verdict against him was improper because the jury did not consider certain affirmative defenses he had raised. *See* Dkt. 78 at 1. In support, he notes, as he previously did, that the jury's verdict form did not contain specific fields for several of those defenses. *See id.* In his most recent letter, he cites deposition testimony from an attorney for defendants in this action, Gregory Sheindlin, during a deposition in a separate case brought by Sheindlin against Brady for defamation. That testimony concedes that the jury verdict form in the 2015 case did not, in fact, set forth Brady's affirmative defenses, while noting that the judge presiding over that case *did* instruct the jury on those defenses in his charge to the jury. *See* Dkt. 78-1 ("Sheindlin Tr.") at 96–97. As the Court has explained, *see* Dkt. 51 at 11, the trial transcript—which is consistent with Sheindlin's testimony—makes clear that the jury was instructed to consider all of Brady's affirmative defenses, including that certain personal guarantees he had signed were invalid for various reasons. Moreover, as the Court also previously held, Brady's effort to challenge the jury verdict against him because those defenses appeared in the jury instructions, but not verdict forms, unavoidably seeks to have this Court overturn the results of the 2015 trial, in clear violation of the *Rooker-Feldman* doctrine. *See, e.g.*, Dkt. 63 at 5. Sheindlin's deposition testimony, that the verdict form did not require a specific finding on each affirmative defense, does not alter that conclusion.

Accordingly, the Court denies Brady's letter motion. This case remains closed.

The Clerk of Court is directed to mail a copy of this order to Brady.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 28, 2021
New York, New York